Granger, C. J.
In Sessions v. Crunkilton, Treasurer of Defiance County, 20 Ohio St., 349, the supreme court held that the act of May 1, 1862, entitled “ an act to provide for locating, establishing and constructing ditches, drains and water courses in townships,” was not repugnant to the constitution; that “the construction of drains by townships in cases where the public health, convenience or welfare demands it, is within the meaning of police purposes; ” and that the power to levy assessments under that act was properly granted under the 7th section of the 10th article of the constitution.
That section applies also to county commissioners and similar boards, and therefore, under this decision, the act of April 12, 1871 (68 Ohio Laws, 60), is valid.
Such ditches are public improvements. The General Assembly has full power to provide for them. It is autho *433 rized to use local boards as convenient instrumentalities. So soon as tbe bond, with securities to the acceptance of the county auditor was filed, the county commissioners of the three counties were clothed with full jurisdiction of Donald’s petition. Section two, as amended by the act of March 28,1873 (70 Ohio Laws, 80), made it their duty, so soon as the auditor furnished to them a copy of the petition, to “ direct the county surveyor * * * to go upon the line,” and perform the duties specified in said section. While so acting, the surveyor was discharging a public duty under competent public authority. The public was under obligation to provide for his compensation. This the legislature undertook to do. It required a bond with securities approved by the auditor. If the commissioners should “fail to establish the ditch,” they could collect from the obligors “all expenses.” This would supply them with funds out of which to pay the surveyor and others properly employed by them under the petition. The general assembly could select the mode of obtaining the money. The county commissioners could make no payment out of any fund other than the one designated by law. If the auditor had made no mistake in fixing the amount of the bond, and' in determining as to the sufficiency of the securities, the commissioners would have had ample means out of which to pay their employees in this matter. The mode provided by the act of 1873 having failed to create such fund, the act of March 19, 1879 (76 Ohio Laws, 213), ordered payment, of one third of the expense, out of the “general .fund ” of each county, and authorized the county commissioners of each of the three counties to levy a tax “ on all the property liable to be taxed in their respective counties, sufficient in amount to reimburse said several general county funds for the sum so paid out on said claims.”
Counsel for the county commissioners claim that this act of 1879 is void because,—
1st. It is in derogation of sec. 2, art. 12, of the constitution.
2d. It is in conflict with the provisions of art. 2, sec. 28, *434 which declares that “ the General Assembly shall have no power to pass retroactive laws,” etc., and,—
3d.' It is the exercise of judicial, and not legislative power. For it will be noticed that the statute is in the nature of a judgment of a court, finding and deciding the rights of relator.
We are unable to understand how this act is in derogation of section 2 of article 12. It makes no change whatever in the “ uniform rule ” of taxation fixed by the general statute regulating taxation. It directs the levy of the tax in accordance with said general statute.
Is it a retroactive law?
It is a law authorizing the levy of a tax to make good a deficiency. Under section 7 of article 10, the acts of 1868 and 1871, might have authorized a levy of the entire expense upon the general duplicate. Suppose a provision to that effect had been made in those acts, so limiting the per centage of the tax, that the sum collected was less than the expenses to be paid. Can there be doubt that the general assembly had full power, by another act, to authorize a levy to make good such deficiency ? Whatever doubt may exist touching the power to add to assessments made' upon abutting property under a law providing for an improvement, by a subsequent enactment, we think it-is plain that the legislature has full power to authorize levies, upon the general duplicate, to make good deficiencies of the kind above referred to. We think the case of The State v. Commissioners, 37 Ohio St., 526, sustains this position. The improvement being a public work, the employee, having discharged duties imposed upon him pursuant to a valid statute, became entitled to compensation from the county. The fact that the county, by reason of a mistake of one of its officers, had no power to collect the money from the petitioner for the ditch and his securities, did not affect the merits of the surveyor’s claim. The fact that, under the statutes in force while he did the work, no county official had authority to pay him any money not collected on the bond, did not affect the character of his claim. The facts *435 remained that the public had employed him; that he had faithfully done his duty, and that the money was due to him from the county.
The defect was in the public machinery. No public agent had authority to take public money and pay the debt. The only “appropriation act” relating to the matter, designated, as the sole fund on which the county could draw, the proceeds of a collection of the bond. As nothing had been, or could be, collected thereon, that fund remained, and would remain empty — or perhaps we may say “ overdrawn.” The acts in force while the work was being done, having authorized the contract; the incurring of the obligation; the act of 1879 created no new obligation ; made no alteration in the contract, and imposed no additional burden upon abutting land owners. It only empowered the county commissioners to pay a public debt lawfully theretofore contracted, out of the general fund, and to levy a tax to reimburse that fund.
Was the act of 1879 an exercise of'judicial, and not legislative power?
It named the persons to be paid, but it did not determine what services either of them had rendered; nor the amounts to be paid to each. It designated the probate judge as the county official before whom proof should be made, and by whom the sum due to each claimant should be determined. It ordered the county commissioners to pay the claims as so determined by said Judge. In this we see no exercise of judicial power by the legislature.
Having obtained the decision, of the officer designated by law, in favor of the amount and validity of his claim, the refusal of the commissioners left the relator without an adequate and complete remedy, unless he was entitled to a writ of mandamus. A denial of the writ would deprive him of a material part of that to which the plain purport of the act entitled him. Robertson v. Perrysburg, 27 Ohio St., 102, so, in effect, holds.
As we understand the act, each holder of a claim, duly approved and certified by the probate judge of his county, *436 was entitled to demand payment of one third of his claim from each county. Whatever right Henry county may have to call upon Putnam and Wood to reimburse her for paying their respective shares of the claims of Orwig and Kolbe, such payments by her did not affect the rights of the relator.
The judgment of the district court of Wood county is affirmed. That of the district court of Henry county is reversed, and a peremptory writ of mandamus awarded as prayed for in the petition.
Dickman, J., dissented.